UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON EUGENE HUNTER,

            Plaintiff,

    v.

JAMIE, et al.,

            Defendants.

No.  2:26-cv-0279 WBS CSK P

ORDER

Plaintiff is a county jail inmate proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.      THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III.     PLAINTIFF'S COMPLAINT

After naming at least 30 defendants and numerous Doe defendants, plaintiff's allegations span 31 pages of his 43 page complaint, single-spaced, recounting myriad issues he has experienced during his housing at the Sacramento County Jail.  His first claim is focused on medical care associated with his right shoulder, for which he had surgery in February 2023.  (ECF No. 1 at 9.)  Plaintiff recounts failed physical therapy, increasing pain, and failed efforts to obtain a second surgery he is convinced he needs, and he is convinced jail staff are intent on delaying until plaintiff is transferred to state custody to save money.  (Id. at 9-14.)  In his second claim,

3

plaintiff again alleges deliberate indifference, cruel and unusual punishment and due process violations, but also checks boxes for basic necessities, mail, access to the court, medical care, property, excessive force by an officer and threat to safety. (Id. at 15.) Plaintiff alleges deprivation of basic necessities and his legal materials while he was having a mental health crisis during the deaths of his mother, grandmother and a close friend. (Id.) Plaintiff complains he was not provided consistent mental health care. Plaintiff points to an unspecified 90 day period when he alleges defendants Erica, Jessica Singh and a Doe Supervisor for mental health care at the jail conspired with Classification Sergeant Dummars to remove plaintiff from his mental health classification and house plaintiff with his enemies to cause him to fight or be harmed. (Id. at 16.) Plaintiff alleges this occurred while his clinician Carl was off on family leave. Plaintiff claims the situation was only resolved once Carl returned. (Id.) But during this 90 day period, plaintiff alleges his right shoulder was continually re-damaged and left untreated, and his prior lawsuit against Sacramento County was dismissed because plaintiff could not access the courts due to the denial of his legal materials and the mistreatment by defendants Erica, Jessica Singh, and other mental health supervisors, the mistreatment by deputies, including deputy Gonzales, and the lack of medical care. (Id. at 16-17.) Plaintiff claims he is filing this action because his prior action should not have been dismissed, and "for the damages caused by that dismissal, and the damage to his shoulder caused after the surgery by deputies, and medical negligence or deliberate indifference, and their stall tactics." (Id. at 18.) Plaintiff claims the sling he was provided is cheap and causes him pain, and is exacerbating his left shoulder which also needs surgery which has been delayed by the problems with his right shoulder. (Id.) Plaintiff's right wrist and hand also have injuries requiring surgery, and the same ligaments go into his damaged shoulder causing severe pain in his entire right arm, and the delay in resolving his right shoulder injury is delaying and exacerbating the issues with his right wrist and hand. (Id. at 18-19.) Plaintiff sought a second opinion through a jail grievance granted in plaintiff's favor and was told the jail only contracts with Stockton Hospital ("SJGH") but plaintiff could see another doctor at SJGH. (Id.) In the meantime, plaintiff was required to receive physical therapy for his shoulder, but Hima, the physical therapist, insisted on treating plaintiff early in the morning when plaintiff was

4

too weak to participate, missed calling plaintiff for therapy, and did not provide the full schedule of therapy required.  (Id. at 19-20.)  Hima cancelled the rest of the third round of therapy due to timing and plaintiff's complaints of pain.  Plaintiff claims the jail is trying to send plaintiff to physical therapy for a fourth round without sending plaintiff back to SJGH for evaluation.  (Id. at 21.)  Plaintiff then explains in detail how physical therapy did not work and only delayed resolution of his right shoulder issues.  (Id. at 21-22.)

Next, plaintiff states he has all the symptoms of rectal cancer.  (Id. at 22.)  He has lost about 75 pounds over a short period of time -- from 230 to 155 pounds, and has only managed to increase his weight to 165 pounds now, resulting in lost muscle and no energy, and recounts other concerning symptoms he suffers, including bloody stools and extreme constipation.  (Id. at 22.)  Plaintiff suffers from other injuries, including long Covid as a result of contracting Covid-19 in 2020.  (Id. at 23.)

Further, plaintiff complains that he is fed insufficient food of poor quality at the jail (Id. at 23-24.)  He contends he has bigger and denser bones that require more protein than the jail provides.  (Id.)  This adds to his lack of energy and the poor nutrition contributes to his physical problems.  (Id.)  Plaintiff's request for double trays or more food have all been denied.  (Id. at 25.)  In addition to nutritional deficits, plaintiff's health is negatively impacted by the chaotic jail environment, depriving plaintiff of sleep.  (Id. at 26.)  Plaintiff claims deputies collect their tablets at 11 p.m. and then return them around 3 or 3:30 a.m., and then serve breakfast at 4:30 a.m.  Jail staff perform random cell inspections sometimes after 1 or 2 a.m. and frequently pass out legal mail at 2:00 a.m.  (Id.)  During the day there is loud TV, programming, appointments and chow.  Plaintiff alleges this lack of sleep is negatively affecting his medical and mental health.  (Id.)

Plaintiff alleges his claim against SJGH and its staff is mainly deliberate indifference for not fixing plaintiff's shoulder, causing plaintiff more pain and injury by damaging his bicep and refusing plaintiff appropriate testing and leaving plaintiff in pain by not ordering a second surgery.  (Id. at 28.)  Plaintiff alleges his claim against Sacramento County medical and deputies is for having a culture and custom of actions relevant to this claim and for their deliberate indifference that exacerbated his injuries by all of the incidents alleged herein.   (Id. at 28.)

5

Plaintiff then lists his grievances, issues and dates.    (Id. 29-32.)

Plaintiff alleges that all of his claims are connected to the key issues of this complaint. (Id. at 33.)  Plaintiff then recounts more recent incidents, and adds that he was recently diagnosed with an AC joint bulging out, and claims x-rays now show a separation in his right AC joint.  (Id. at 34, 35.)  Plaintiff added that defendant Gladys, R.N., changed the schedule of plaintiff's pain medication from twice a day to once a day at 7 or 8 a.m., which he claims was done to harass him and resulted in plaintiff having a mental health breakdown and almost committing suicide before a deputy cut plaintiff's sweater off.  (Id. at 36-38.)

Plaintiff seeks money damages, emergency surgery on plaintiff's right AC joint and scapula, and seeks orders restraining deputies from interrupting plaintiff's sleep with legal mail, no physical therapy before 10:30 a.m., breakfast to be served after 6:30 a.m., to be given a double portion of food until his normal weight is restored, better quality food, special diet, various medical tests and medical devices, and weighted exercise machines.  (Id. at 41-42.)

IV.    DISCUSSION

Plaintiff's complaint does not provide a short and plain statement of the claims he intends to pursue against each named defendant.  Instead, his complaint is a statement of events that occurred since 2023 by some parties identified and other parties not identified.  Although plaintiff believes all of his claims are connected, they are not properly joined in one civil rights action.

A.  Misjoinder

Plaintiff's claims are not properly raised in the same action.  Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against

6

unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Here, plaintiff's claims arose from three different incidents involving different defendants, and therefore are not properly joined in one action.

Where parties have been misjoined, the court may drop a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)). Here, because plaintiff has failed to state a cognizable claim against a particular defendant, the complaint must be dismissed. In addition, the unrelated claims are based on relatively recent incidents, so plaintiff will not be prejudiced by the dismissal of the complaint with leave to amend. Plaintiff may pursue his unrelated claims in separate, timely actions. See also George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").

Because plaintiff has failed to state a cognizable claim as to one named defendant, the complaint must be dismissed so that plaintiff can file an amended complaint that comports with the standards provided herein, and can choose which claim he intends to pursue in this action.

B. Medical Claims

"Pretrial detainees have a constitutional right to adequate medical care while in the custody of the government and awaiting trial." Est. of Nelson v. Chelan Cnty., 2024 WL 1705923, at *9 (E.D. Wash. Apr. 19, 2024) (citing Russell v. Lumitap, 31 F.4th 729, 738 (9th Cir. 2022)). The claim is evaluated under an objective deliberate indifference standard. Gordon v. Cnty. of Orange, 888 F.3d 1118, 1120, 1124-25 (9th Cir. 2018). To state a Fourteenth Amendment claim that a jail official was deliberately indifferent to a pretrial detainee's safety or

7

health, the detainee must show that (1) the prison official made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the prison official did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the prison official's conduct obvious; and (4) by not taking such measures, the prison official caused the pretrial detainee's injuries.  Id. at 1125.

For the third element, the defendant's conduct must be objectively unreasonable, "a test that will necessarily turn[ ] on the facts and circumstances of each particular case."  Id. (citations and internal quotation marks omitted).  The four-part test articulated in Gordon requires the plaintiff to prove more than negligence, but less than subjective intent—something akin to reckless disregard.  See id.  Mere negligence and a simple lack of due care do not violate the Fourteenth Amendment.  See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016); Gordon, 888 F.3d at 1125.  Whether a few months' delay between requesting surgery and receiving it is actionable depends on the circumstances -- particularly whether the delay was medically harmful or avoidable, and whether the claimed inability to obtain an appointment was pretextual, negligent, or intentional.  See Jett v. Penner, 439 F.3d 1091, 1096-97 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992).  Absent such allegations, routine delays in scheduling off-site surgeries are generally insufficient.

Plaintiff's allegation that he has sustained a 75 pound weight loss in a short period of time and believes he has rectal cancer is concerning, but he provides insufficient facts to determine whether a particular medical professional at the jail has been objectively unreasonable in treating those symptoms.  Rather, plaintiff's focus appears to be his right shoulder and the attendant pain as further supported by his motion for injunctive relief.  If plaintiff contends that his need for a second surgery on his right shoulder has been delayed or improperly denied, he should specifically identify the defendant responsible for such delay or denial and state what that

///

///

8

defendant did or did not do that allegedly violated plaintiff's constitutional rights.[1]  The current complaint does not make clear who at the main jail is responsible for such delay or refusal to authorize the second surgery.

C.  Unrelated Claims

Plaintiff's myriad claims concerning conditions of confinement, access to the courts, property, excessive force and mail are not related to his medical care claims.  Such claims are also insufficiently pled because they are not tied to specific defendants and do not include sufficient facts to determine whether plaintiff can state cognizable claims as to each cause of action.  Because his medical claims are more urgent, as evidenced by his motion for emergency injunctive relief related to his medical needs, the Court declines to further address such unrelated claims at this time.  Plaintiff must pursue those claims in a separate action.

D.  Doe Defendants

Plaintiff's use of Doe defendants is problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary.  Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint.  Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.  Additionally, unknown persons cannot be served with process until they are identified by their real names.  The court will not investigate the names and identities of unnamed defendants.

In addition, just as plaintiff is required to link a named defendant to the alleged acts or

---

[1]  In the motion for injunctive relief filed months after his original complaint, plaintiff now claims that the first surgeon has approved the second surgery, but unidentified jail staff refuse to authorize it.  (ECF No. 6 at 2.)

omissions that demonstrate a violation of plaintiff's federal rights, plaintiff must do the same for any Doe defendant.  If plaintiff can only list a defendant as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that the Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

V.    LEAVE TO AMEND

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is legally frivolous or fails to state a claim for relief.  The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claim.  Id.  Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  However, the court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See e.g., West, 487 U.S. at 48.  Also, the amended complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between each defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George, 507 F.3d at 607. This rule is intended, in part, "to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Id.

Plaintiff is not required to set forth grievances in his amended complaint.

In addition, plaintiff should limit his amended complaint to his claim that medical care for his serious medical needs has been delayed or denied, and identify as defendants only those individuals responsible for the alleged delay or objectively unreasonable medical care provided or not provided. **Plaintiff's complaint shall be limited to 15 pages and shall be filed on the court's form complaint.** Plaintiff is cautioned that a long, rambling pleading, including many defendants with tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants may result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

VI.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Sheriff of Sacramento County filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a.  The completed Notice of Amendment; and

b.  An original of the Amended Complaint filed on the court's complaint form and **shall not exceed 15 pages in length**. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5.  The Clerk of the Court is directed to send plaintiff the form complaint for filing a civil rights action by a prisoner.

Dated:  May 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hunt0279.14n

12

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON EUGENE HUNTER,

           Plaintiff,

     v.

JAMIE, et al.,

           Defendants.

No.  2:26-cv-0279 WBS CSK P

NOTICE OF AMENDMENT

     Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint

    (Check this box if submitting an Amended Complaint)

DATED:

                            _____

                            Plaintiff