UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER, | No.  2:26-cv-0279 WBS CSK P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| JAMIE, et al., | |
| Defendants. | |

Plaintiff is a county jail inmate proceeding pro se with a civil rights action brought under 42 U.S.C. § 1983.  On May 18, 2026, plaintiff filed a "motion requesting emergency preliminary injunction or injunctive relief."  (ECF No. 6.)  As discussed below, this Court recommends that the motion be denied without prejudice.

I.      PLAINTIFF'S ALLEGATIONS

As noted in the screening order issued herewith, plaintiff's complaint contains myriad unrelated claims and fails to state a short and plain statement of his civil rights claims as required under Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff's complaint was dismissed with leave to amend.

///

///

///

1

II.     MOTION EMERGENCY INJUNCTION

    A.  Plaintiff's Allegations

Plaintiff seeks preliminary injunctive relief to stop irreparable harm.  (ECF No. 6.) Plaintiff alleges that his limb has been damaged for over two years due to delays caused by defendants waiting to get surgery on his right shoulder, then was damaged by defendants from the surgery, then was damaged even more by defendants' physical force after the surgery and is being damaged even more by defendants' delays post-surgery of almost 2.5 years to have plaintiff seen by the surgeon who performed the surgery.  (Id. at 1.)  Plaintiff claims that the surgeon who performed the first surgery has suggested a second surgery, but defendants now refuse to authorize the second surgery on plaintiff's right shoulder.  (Id. at 2.)  Plaintiff claims his bones are rubbing, popping, cracking and causing debilitating pain, which is spreading to his sternum, and negatively affecting his activities of daily living.  (Id.)  Plaintiff claims that the AC joint in his shoulder now has arthritis it did not have before, which he claims is his irreparable harm.  (Id.) That said, plaintiff is "certain the damage is more severe and extensive" than the MRI shows because he can feel it more.  Plaintiff asks the court to order jail medical to approve the second suggested surgery on plaintiff's AC joint and to order deputies to transport plaintiff to and from the hospital for the surgery.  (Id. at 2-3.)

Plaintiff then admits he disagrees with the doctor's assessment and even filed a grievance requesting a second opinion by a different doctor at a different hospital, but was told the jail only contracts with San Joaquin General Hospital ("SJGH"), so plaintiff could have a different surgeon at SJGH.  However, plaintiff was seen by the same surgeon who performed the first surgery, despite plaintiff's grievance being granted.  (Id. at 3.)  Plaintiff is opting to have the first surgeon do the second surgery because plaintiff believes the surgeon will get a better view of the damage once he does the second surgery, and may alleviate the pain and suffering plaintiff is experiencing now.  (Id.)  Plaintiff reiterates his concern that these delays are due to the jail wanting to save money.  (Id. at 3-4.)

Plaintiff then requests that the court order a new MRI with dye and arthrogram of plaintiff's right side clavicle, sternum, neck, shoulder, back and arm at a different hospital, and

order a different surgeon perform the AC joint surgery within 90 days from the court's order.  (Id. at 4.)  Plaintiff seeks a court order, after the surgery, physical therapy three times a week with rehab-appropriate weights the jail does not currently have, and increased and specific pain medication.  Plaintiff also seeks an order requiring the jail to provide plaintiff with appropriate assistive devices, including a person to write for plaintiff, a new thick mattress, a neck and back brace, and help to clean plaintiff's cell.  (Id. at 5.)  Plaintiff asks the court to order a double portion/high protein diet with ensure and a night snack so plaintiff can put some of his weight back on and regain energy to rehab his shoulder post-surgery.  (Id. at 6.)

In the alternative, plaintiff asks the court to order the jail medical director to approve the second surgery and order the first surgeon to perform the medical tests and second surgery at SJGH within 90 days.  (Id. at 6.)

B.  Legal Standards

"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008).  To qualify for injunctive relief, plaintiff must demonstrate:  (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  Id. at 20.  A deficiency in any element precludes relief.  Id. at 23.

As to the second element of Winter, an injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again -- a likelihood of substantial and immediate irreparable injury."  City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted).  Speculative injury does not constitute irreparable harm.  See Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).  A presently existing actual threat must be shown, although the injury need not be certain to occur.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998).

Procedurally, a federal district court may issue emergency injunctive relief only if it has

3

personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

Finally, the Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials.  In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); Villery v. California Dep't of Corr., 2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016).  As the Ninth Circuit observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  Gilmore v. People of the State of California, 220 F.3d 987, 998-99 (9th Cir. 2000).

C.  Discussion

Here, plaintiff's motion for injunctive relief was filed before the court screened his complaint, and no defendant has been served with process.  Until defendants have been served with process, this Court lacks personal jurisdiction over them, and may not grant the injunctive relief he seeks.  See Fed. R. Civ. P. 65(d)(2); Murphy Bros, Inc., 526 U.S. at 350.

In addition, plaintiff's original complaint fails to specifically identify who is responsible for the failure to allow the second surgery to proceed.  Indeed, it appears that the first surgeon may have authorized the surgery after plaintiff filed the original complaint because his pleading does not allege that the first surgeon authorized the second surgery.  (ECF No. 1, passim.) Because of the pleading deficiencies identified in the screening order issued herewith, plaintiff cannot demonstrate a success on the merits at this time.  Thus, the motion should be denied without prejudice.

4

For the above reasons, the Court recommends that plaintiff's motion for injunctive relief (ECF No. 6) be denied without prejudice.

III.     CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 6 ) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hunt0279.pi