UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER, Plaintiff, v. JAMIE, et al., Defendants. | No. 2:26-cv-0279 WBS CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis. This proceeding was referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Two matters are before the Court: pending findings and recommendations, and plaintiff's first amended complaint.

I. PENDING FINDINGS AND RECOMMENDATIONS

On June 17, 2026, the district court affirmed this Court's May 27, 2026 screening order, and ordered plaintiff to file an amended complaint that complies with that screening order within 30 days of the district court order. (ECF No. 12.) Plaintiff did not timely file an amended complaint, and on July 27, 2026, this Court recommended that this action be dismissed. (ECF No. 14.) However, on that same day, plaintiff's first amended complaint was entered on the Court's docket. (ECF No. 13.) Plaintiff's first amended complaint was untimely filed as it was presented to jail staff for mailing on July 21, 2026, but was due on or before July 17, 2026. On

August 17, 2026, plaintiff filed objections to the findings and recommendations. (ECF No. 15.) Despite the untimely filing of plaintiff's first amended complaint, the Court will vacate the pending findings and recommendations and screen the amended pleading.

## II. PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's first amended complaint is now before the Court. As discussed below, plaintiff's first amended complaint is dismissed with leave to amend.

### A. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. DISCUSSION

Plaintiff's first amended complaint does not comply with this Court's screening order as required by the district court's order of June 17, 2026. Despite the district court's order limiting the first amended complaint to 15 pages, the amended pleading is 59 pages, not counting the proof of service, and names 61 defendants, 4 Doe defendants, and one defendant named "Amend?" (ECF No. 13 at 1-2.) In addition, plaintiff again attempts to raise unrelated claims such as denial of access to the courts, alleging that but for the "actions of various defendants in a series of related events," plaintiff would have been able to continue his prior lawsuit concerning his injured shoulder.[1] (Id. at 23.) Plaintiff also checks the boxes for the following issues: mail, medical care, property, retaliation, excessive force by an officer and threat to safety. (Id. at 15.) As plaintiff was informed in this Court's screening order, unrelated claims against unrelated defendants belong in separate lawsuits. (ECF No. 8 at 6-7, 9, 11.) Indeed, plaintiff was advised that claims concerning "access to the courts, property, excessive force and mail are not related to his medical care claims." (Id. at 9 (emphasis added).) And, because his shoulder injury appeared to be his most pressing claim, plaintiff was advised to limit his amended complaint to his claim that medical care for his serious medical needs was delayed or denied, and only identify as defendants those individuals responsible for the alleged delay or objectively unreasonable medical care provided or not provided. (Id. at 11.) Unless plaintiff intends to only pursue his access to the courts claim in this action, solely against the individuals responsible for the alleged impediment to his access, plaintiff must bring that claim in a separate action. The same is true for his other putative claims.

Further, it is unclear whether plaintiff is attempting to re-allege the claims from his prior action, No. 2:22-cv-1520 DJC JDP P, or whether he intended those allegations as part of the

---

[1] Plaintiff refers to Hunter v. Sacramento County, No. 2:22-cv-1520 DJC JDP (E.D. Cal.), which was dismissed on January 10, 2025. No. 2:22-cv-1520 DJC JDP P (ECF No. 33.) In addition, the district court denied plaintiff's motion for reconsideration, as well as his subsequent motion for reconsideration and motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. Id. (ECF Nos. 45, 46.) Clearly, not all 66 defendants were involved in the alleged interference with plaintiff's ability to respond in his prior lawsuit.

summary of his shoulder injury, which he recounts from 2016 when it was first injured.[2]

Plaintiff also includes myriad state law claims. (ECF No. 13 at 55-57.) The first amended complaint does not, however, plead any facts suggesting compliance with California's Government Claims Act ("GCA"). No state lawsuit for money or damages may be brought against a public entity unless those claims have been presented for review and rejects them by issuing notice or failing to act. See Cal. Gov't Code § 900 et seq. "Compliance with [the GCA] is required before plaintiff may sue a state entity or its officers for tort violations and claims under the California Constitution or the Bane Act." Davis v. Allison, No. 1:21-CV-00494-JLT-HBK-PC, 2023 WL 6796753, at *5 (E.D. Cal. Oct. 13, 2023) (citing collected cases), report and recommendation adopted sub nom. Davis v. Godwin, No. 1:21-CV-00494-JLT-HBK-PC, 2023 WL 8789296 (E.D. Cal. Dec. 19, 2023). Plaintiff's first amended complaint does not allege compliance with the GCA and therefore fails to plead any state law claim for damages. See Mohsin v. California Dep't of Water Res., 52 F. Supp. 3d 1006, 1017 (E.D. Cal. 2014) (dismissing state law claims for failure to allege compliance with GCA). It is possible plaintiff could remedy this defect by alleging further facts if plaintiff timely presented his claims. Plaintiff will have an opportunity to amend.

Because plaintiff failed to comply with this Court's screening order, as well as the district court's order affirming this Court's screening order, the first amended complaint must be dismissed. However, the Court will grant leave to file a second amended complaint.

C. WARNING

**Plaintiff is cautioned that continued failure to comply with this Court's order will result in a recommendation that this action be dismissed based on plaintiff's failure to comply with court orders.** Fed. R. Civ. P. 41(b). Even though plaintiff proceeds without counsel, he is required to comply with court orders and the Federal Rules of Civil Procedure. Courts have dismissed an action with prejudice for failure to comply with a court order, for failure to prosecute, and for failure to comply with local rules. See, e.g., Malone v. United States

[2] While such summary was perhaps meant to be helpful, plaintiff is advised that it is not required, particularly in the detail in which it was provided.

Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and for failure to comply with local rules).

III. LEAVE TO AMEND

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Any second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files a second amended complaint, the original or prior pleading is superseded and treated as non-existent. See Ramirez, 806 F.3d at 1008.

IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The July 27, 2026 findings and recommendations (ECF No. 14) are vacated;

2. Plaintiff's first amended complaint is dismissed; and

3. Plaintiff is granted 45 days from the date of service of this order to file a second amended complaint that complies with the Court's prior orders, the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff's second amended complaint **must not exceed 15 pages and**

**must be limited to his Fourteenth Amendment right to adequate medical care claims, unless he chooses to proceed solely on his access to the courts claim.** Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 8, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hunt0279.14amd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON EUGENE HUNTER,<br>Plaintiff,<br>v.<br>JAMIE, et al.,<br>Defendants. | No. 2:26-cv-0279 WBS CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on _______________ (date).

☐ Second Amended Complaint

(Check this box if submitting a Second Amended Complaint)

DATED:

___________________________________
Plaintiff